IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LINDSAY BAKER, as Administratrix of the ESTATE OF JAMIE MARIE BAKER, deceased and KAHLYAH, LAIHKEN, MAYSON, and AEIDEN CUSTER, minors, by next friend, LINDSAY BAKER, | Civil Action No. |
| | COMPLAINT |
| Plaintiffs, | FILED ON BEHALF OF: Plaintiffs |
| vs. | COUNSEL OF RECORD FOR THIS PARTY: |
| VENANGO COUNTY PRISON, CRAIG ADAMS, individually and as Warden of Venango County Prison, and TRISTAN SIEGEL, individually and as Deputy Warden of Venango County Prison, and VENANGO COUNTY, PA | Neal A. Sanders, Esquire<br>LAW OFFICES OF NEAL A SANDERS<br>131 North McKean Street<br>Kittanning, Pennsylvania 16201<br><br>(724) 919-8884 |
| Defendants. | PA ID No. 54618 |
| | **JURY TRIAL DEMANDED** |

## COMPLAINT

**AND NOW,** comes Plaintiffs, Lindsay Baker, as Administratrix of the Estate of Jamie Marie Baker, deceased. and Kahlyah, Laihken, Mayson, and Aeiden Custer, minors by next friend, Lindsay Baker, by and through their undersigned counsel, and state the following:

## PARTIES

1. Plaintiff, Lindsay Baker, acting in the capacity of Administratrix

of the Estate of Jamie Marie Baker, resides at 120 Meadville Pike, Franklin, Pennsylvania 16323. As duly appointed Administratrix, Lindsay Baker has the authority to bring suit on behalf of the Estate of Jamie Marie Baker. See Exhibit2.

2. Plaintiffs, Kahlyah, Laihken, Mayson, and Aeiden Custer are the minor children and sole beneficiaries of decedent, Jamie Marie Baker, whose interests are represented in this action by their next friend, Lindsay Baker, who, as their aunt and the Adminstratrix of their mother's estate, is dedicated and suitable to represent their best interests. The four Minors currently reside with their father in Franklin, PA.

3. Defendant, Venango County Prison ("Defendant VCP"), is a county prison within the Commonwealth of Pennsylvania located at 1186 Elk Street, Franklin, Pennsylvania 16323.

4. Defendant Adam Craig ("Defendant Craig") was the Warden of Venango County Prison at all times relevant to the claims herein. Craig has a business address of 1186 Elk Street, Franklin, Pennsylvania 16323. This action is being brought against Defendant Craig in both his individual and official capacities.

5. Defendant Tristan Siegel ("Defendant Siegel") was the Deputy Warden of Venango County Prison at all times relevant to the claims herein. Siegel

has a business address of 1186 Elk Street, Franklin, Pennsylvania 16323. This action is being brought against Defendant Siegel in both her individual and official capacities.

6. Defendant, Venango County, is a political subdivision organized under the laws of the Commonwealth of Pennsylvania. Defendant Venango County operates Defendant VCP and has administrative offices located at 1168 Liberty Street, Franklin, Pennsylvania 16323.

## JURISDICTION AND VENUE

7. This action arises under 42 U.S.C. § 1983.

8. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331.

9. Venue is properly laid in the Western District of Pennsylvania because all transactions and occurrences which give rise to this action occurred within this District.

## COUNT I
## 42 U.S.C. § 1983

10. On or about May 22, 2025, Decedent, Jamie Marie Baker, was incarcerated at Defendant VCP while awaiting adjudication of charges pending against her.

11. Throughout the period of decedent's incarceration after May 22, 2025, Defendant Craig was the Warden and highest ranking official of Defendant VCP. At all times relevant hereto, Defendant Craig acted under color of state authority.

12. Throughout the period of decedent's incarceration after May 22, 2025, Defendant Siegel was the Deputy Warden and second highest ranking official of Defendant VCP. At all times relevant hereto, Defendant Siegel acted under color of state authority.

13. Defendant Craig and Defendant Siegel, as warden and deputy warden of Defendant VCP, respectively, had the authority and responsibility to establish and enforce the policies, practices, and procedures of Defendant Venango County with respect to the operation of Defendant VCP.

14. Decedent had previously been committed to UPMC's behavioral health center due to suicidal ideation, most recently in February 2024, a fact known by Defendant Craig and Defendant Siegel.

15. Decedent had suicidal ideation during past incarcerations at Defendant VCP, a fact known to Defendant Craig and Defendant Siegel.

16. Decedent suffered from the mental conditions of paranoid schizophrenia, ADHD, generalized anxiety disorder, bipolar disorder, and major depressive disorder, which was known to Defendant Craig and Defendant Siegel.

17. During her incarceration from May 22, 2025, through June 17, 2025, the staff at Defendant VCP, following the practices and customs of Venango County and Defendant VCP as established by Defendants Craig and Siegel, frequently delayed the distribution of decedent's prescription medications or withheld the medications entirely, including Strattera, a psychiatric drug used to treat ADHD by improving focus and reducing impulsivity. In delaying and withholding decedent's prescription psychiatric medications, Defendants Craig and Siegel displayed deliberate indifference to her serious medical needs.

18. In the days leading up to June 17, 2025, decedent was listless, depressed and disengaged, conditions which would have been readily apparent to any correctional officer who came into contact with her.

19. The Defendants, through the policies, practices and customs implemented by Defendants Craig and Siegel, also inflicted cruel and inhumane conditions upon decedent that would naturally have a deleterious impact on her physical and mental health, including:

a. During much of decedent's incarceration from May 22, 2025, through June 17, 2025, she was kept in either lockdown or isolation, both of which are punitive measures, without reason or justification;

b. The water supply to the cells at Defendant VCP, either as a whole or solely to decedent's cell specifically, was often

cut off as a punitive measure, sometimes for several days, leaving inmates, including decedent, unable to flush the toilet, attend to personal hygiene, or obtain drinking water other than the eight ounce cup that was provided with each meal;

c. Inmate requests for hygiene products were frequently ignored or were granted by male correctional officers who would demand that the inmate expose her private parts in exchange;

d. Decedent was frequently denied permission to take a shower, sometimes for multiple days at a time;

e. Laundry services were sporadic and unreliable, resulting in the inmates, including decedent, being required to wear filthy clothing and undergarments;

f. Although decedent attempted to submit written grievances about her treatment at Defendant VCP, it was well known among the inmates and correctional officers that the warden or deputy warden frequently discarded the written grievances without reading them. No action was taken as a result of decedent’s written grievances;

g. Defendant VCP correctional officers frequently mocked and belittled inmates, including decedent, who were experiencing drug withdrawal; and

h. Defendant VCP correctional officers frequently made comments, often of a lascivious nature, concerning the physical appearance of inmates, including decedent, while the inmate was changing clothes.

20. For the reasons set forth in Paragraphs 14 through 19 hereof, decedent had a particular vulnerability to suicide that was known to Defendants Craig and Siegel.

21. Despite knowing of decedent’s particular vulnerability to suicide, Defendants Craig and Siegel failed to implement any sort of suicide precautions concerning decedent, such as monitoring her at short, irregular intervals, did not take any measures to restrict her access to items that could readily be used to commit suicide, failed to refer decedent for psychiatric evaluation and treatment, and failed to properly train prison staff in suicide risk recognition and intervention procedures.

22. In fact, because of the practices put in place by Defendants Craig and Siegel, hours would often go by without corrections officers checking any cells.

23. On June 17, 2025, decedent committed suicide by hanging in her cell at Defendant VCP. Death Certificate see Exhibit 1.

24. By reason of the foregoing, Defendants Craig and Siegel, acting under color of state law, violated decedent’s Constitutional rights under the Eighth Amendment by imposing cruel and unusual punishment, and under the Due Process Clause of the Fourteenth Amendment by imposing punishment upon an individual awaiting adjudication.

25. Defendants Craig and Siegel knew or should have known of the requirements of the Eighth Amendment and the Due Process Clause of the Fourteenth Amendment, as the requirements of both provisions have long been

established by case law. Accordingly, Defendants Craig and Siegel are not entitled to qualified immunity.

26. By virtue of Defendant Craig and Defendant Siegel's positions as policy makers for Venango County with respect to the operation of Defendant VCP, the deprivation and violation of decedent's Constitutional rights were the result of the official policy, custom, or practice of the Defendant Venango County and Defendant VCP.

27. As the direct and proximate result of the Defendants' actions set forth above, decedent suffered pain, suffering, and emotional distress due to the torturous conditions inflicted upon her while incarcerated at Defendant VCP, funeral expenses, loss of future income, costs of the administration of decedent's estate, and reasonable attorney costs and fees. Wrongful death/survival action damages. Four million dollars and punitive damages.

28. For the reasons set forth above, Defendant Craig and Defendant Siegel's conduct was reckless or callously indifferent to decedent's constitutionally protected rights and interests such that an award of punitive damages is appropriate against them individually. Wrongful death/survival action damages. Four million dollars and punitive damages.

WHEREFORE, Plaintiffs request that this Honorable Court enter judgment in their favor and against the Defendants and award Plaintiffs compensatory damages for decedent's emotional distress, pain and suffering, funeral expenses, loss of future income, costs of the administration of decedent's estate, attorneys' fees and costs, and with respect to Defendants Craig and Siegel, individually, punitive damages. Wrongful death/survival action damages. Four million dollars and punitive damages.

Respectfully submitted,
LAW OFFICES OF NEAL A. SANDERS

Dated: August 27, 2026

By:/s/Neal A. Sanders
Neal A. Sanders, Esquire
Counsel for Plaintiff

131 North McKean Street
Kittanning, Pennsylvania 16201

(724) 919-8884
PA ID No. 54618

JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

/s/Neal A. Sanders
Neal A. Sanders, Esquire